IN THE COUNTY COURT IN AND FOR
BREVARD COUNTY, FLORIDA

Case No.

GARY SELMON,

      Plaintiff,

vs.

ANDREU, PALMA, LAVIN & SOLIS, PLLC,
f/k/a ANDREU, PALMA & ANDREU, PL,
JORGE L. PALMA individually, and
CAVALRY SPV I, LLC

      Defendants.
_____/

## COMPLAINT

### COMMON ALLEGATIONS

Plaintiff, GARY SELMON ("the Consumer"), sues Defendants ANDREU, PALMA,

LAVIN & SOLIS, PLLC, f/k/a ANDREU, PALMA & ANDREU, PL,("the Law Firm"), JORGE

L. PALMA individually ("the Attorney"), and CAVALRY SPV I, LLC ("Cavalry SPV I, LLC").

    1.    This is an action for damages that do not exceed $6000.

    2.    Sometime around or before 2009, Citibank, N.A., or some corporate affiliate of

Citibank N.A. ("Citibank"), issued a credit card ("the credit card") for which Citibank named the

Consumer as the account member. On information and belief, the Consumer's spouse at that

time used the Consumer's name and information to obtain that line of credit and she began using

it for personal purchases and household expenses. The Consumer did not use the credit card.

The Consumer never signed a credit agreement authorizing Citibank to open a credit card

account in his name and charge interest and late fees.

-1-

3.      The alleged obligation of the Consumer to pay amounts claimed to be owed for transactions and use of the credit card is a "debt" or "consumer debt" as that term is defined in Fla. Stat. 559.55(6) and 15 USC § 1692a(5).

4.      While the Consumer and the Consumer's spouse were married, the Consumer's spouse took care of all the bills, including those for use of the credit card.

5.      Because his spouse collected and handled the bills, the Consumer was not aware of the existence of the credit card or the card's billing statements.

6.      On December 2010 the Consumer's spouse filed for divorce. The Consumer was first made aware of the credit card around that time.

7.      Because the Consumer did not make purchases through use of the credit card, he had no first hand knowledge as to the validity or the amounts charged on that account.

8.      Around 2011, the Consumer disputed the debt with Citibank and informed them that he never requested the line of credit to be issued in his name. He requested that Citibank send him a copy of the credit agreement signed by him so that Citibank could verify this. In response, Citibank sent the Consumer a packet of credit card statements from 2009 and 2010. Copies of this packet with the envelope in which it came is attached as **Exhibit "A."** Citibank did not provide the Consumer with any signed credit agreement.

9.      Once the Consumer was made aware of the credit card debt, he made payments but financial hardship made it difficult if not impossible for him to continue making the minimum monthly payments.

10.     Subsequently, the Consumer and his spouse obtained a final judgment dissolving the marriage.

-2-

11.     At all material times, the Consumer was a natural person who was allegedly obligated to pay a consumer debt for the transactions and use of the credit card. He is therefore a "consumer" as that term is defined in Fla. Stat. 559.55(8) and 15 USC § 1692a(3).

12.     On July 24, 2015, the Attorney on behalf of the Law Firm, filed a complaint against the Consumer ("the complaint"). A copy of the complaint is attached as **Exhibit "B."** The complaint alleged that Citibank sold the debt under the credit card to Cavalry SPV I, LLC. The complaint further claimed that the Consumer was indebted to Cavalry SPV I, LLC in the amount of $5,383.20. That number is found on a screenprint attached to complaint containing information concerning the credit card account. Also attached to the complaint was a May 6, 2012 statement claiming that the debt was $5,383.20 if no interest was added to the account from the last statement. Cavalry SPV I, LLC never served this complaint upon the Consumer. The Consumer first received a copy of the Complaint around April 25, 2016 which was retrieved from Brevard County's Electronic Fully Automated Case Tracking System ("eFACTS'), available online at https://vweb1.brevardclerk.us/facts/facts_search.cfm.

13.     Around March 2016, the Consumer called Cavalry SPV I, LLC to attempt to settle his disputed debt. He explained that his former spouse took out the credit card in his name without his knowledge or consent and began using the credit card. A representative from Cavalry SPV I, LLC told him to call the Law Firm. He did not call the Law Firm.

14.     The Consumer began an investigation that lead to his discovery of the complaint after he received a letter dated April 12, 2016 from the Law Firm which was signed by the Attorney ("the letter"). A copy of that letter is attached as **Exhibit "C."**

15.     The letter was the first communication that the Consumer had received from the

-3-

Attorney and the Law Firm.

16. Contrary to the allegations in the complaint, the Law Firm and the Attorney claimed in the letter that the Consumer owed Cavalry SPV I, LLC a balance of $5,743.20. A credit card statement was attached to the letter which claimed that the balance owed on the credit card was $5,383.20 if no interest was added to the account from the last monthly statement.

17. The Law Firm and the Attorney may have sought to collect court costs associated with the collection action. Cavalry SPV I, LLC paid a $300.00 filing fee and $10.00 for a summons. On information and belief, Cavalry SPV I, LLC paid $50.00 to a process server. On information and belief, the Law Firm and the Attorney added these amounts to the balance on the letter to yield the $5,743.20 number.

18. The Law Firm and the Attorney could not add court costs to the balance. *Veach v. Sheeks*, 316 F. 3d 690 (7th Cir. 2003); *Singer v. Pierce & Associates, PC*, 383 F. 3d 596 - (7th Cir. 2004); *Fields v. Wilber Law Firm, PC*, 383 F. 3d 562 (7th Cir. 2004).

19. On April 25, 2016, the Consumer hired an attorney who filed a motion to dismiss in Cavalry SPV I, LLC's credit card collection action against the Consumer on that day.

20. The appearance of the Consumer's attorney notified Cavalry SPV I, LLC that the Consumer was represented by an attorney with regard to the debt.

21. On April 25, 2016, the Consumer served an offer of judgment on to Cavalry SPV I, LLC made pursuant to §768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure. That offer proposed payment "in an attempt to resolve all claims brought, or which could have been brought" in Cavalry SPV I, LLC's collection action against him. The offer did not propose to settle any potential claims that the Consumer had against the Law Firm and the

-4-

Attorney.

22.     On or about May 26, 2016, the Consumer and Cavalry SPV I, LLC settled the

credit card collection case when Cavalry SPV I, LLC filed an acceptance of the Consumer's offer

of judgment. The settlement did not settle any potential claims that the Consumer had against the

Law Firm and the Attorney. The Consumer remitted the settlement payment to the Law Firm.

23.     The Consumer had sent, and the Law Firm had received, the settlement payment

prior to June 6, 2016.

24.     On June 6, 2016 a representative from Cavalry SPV I, LLC called the Consumer's

cell phone number and left a message, asking that the Consumer call back Cavalry SPV I, LLC.

25.     Cavalry SPV I, LLC is a Deleware Limited Liability Company that regularly

purchases consumer defaulted debts in bulk from creditors and regularly collects or attempts to

collect some of those debts in Florida. It is a licensed consumer collection agency in the state of

Florida, and maintains license number CCA9902538. Cavalry SPV I, LLC is a debt collector as

that term is defined in Fla. Stat. 559.55.(7) and 15 USC § 1692a(6).

26.     The Law Firm does business in the state of Florida as a law firm where it

represents creditors and debt collectors seeking to recover money through litigation. The Law

Firm regularly collects or attempts to collect consumer debts due or owed to another. Copies of

screenprints from the Law Firm's website, which represent the firm's practice in areas of

collection litigation are attached as composite **Exhibit "D."** The Law Firm was hired to represent

Cavalry SPV I, LLC in a collection action against the Consumer and had specific information

regarding the Consumer's alleged debt so that they could pursue collection. The Law Firm is a

business which uses any instrumentality of interstate commerce or the mails in any business, the

-5-

principal purpose of which is the collection of consumer debts. The Law Firm is a debt collector as that term is defined in Fla. Stat. 559.55.(7) and 15 USC § 1692a(6).

27.     At all times material to this complaint, the Attorney was an attorney who worked for the Law Firm  and was an agent authorized to act on its behalf.  All allegations in this complaint alleging violations of the Florida Consumer Collection Practices Act by the Law Firm were actions performed within the scope of his employment with the Law Firm and the Law Firm's representation of Cavalry SPV I, LLC.

28.     The Attorney regularly collects or attempts to collect debts due or owed to another. His profile on the Law Firm's website represents that he is a Member of the Debt Buyers Association and National Association of Retail Collection Attorneys. Through his representation of Cavalry SPV I, LLC, the Attorney had access to specific information regarding the Consumer's alleged credit card debt so that he could pursue collection activities.   The Attorney is a "debt collector" as that term is defined in Fla. Stat. 559.55.(7) and 15 USC § 1692a(6).

29.     At all times material to this complaint, the Law Firm employed three attorneys.

30.     At all times material to this complaint, the Law Firm had a staff of around 40-50 non-attorneys or more.

31.     At all times material to this complaint, the Law Firm delegated to the non-attorneys and the Law Firm's software systems many important responsibilities including determining whether a case is barred by the statute of limitations, determining whether a case is "suit worthy," drafting complaints, compiling dunning letters, compiling letters which calculate amounts owed by consumers, and performing work to validate a debt.

32.     At all times material to this complaint, the Law Firm filed collection suits in bulk, throughout the state of Florida. During the month of May of 2016, the firm filed close to 100

-6-

collection cases in Broward county, and filed hundreds if not thousands of collection actions throughout the state during that month. At all times material to this complaint, the Law Firm would file hundreds if not thousands of cases each month in Florida courts.

33.     At all times material to this complaint, the Law Firm does not require its clients to provide the Law Firm with a credit agreement before the Law Firm files a collection action, and such pre-suit production by its clients is rare.

34.     At all times material to this complaint, the Law Firm does not require its clients to provide the Law Firm with a complete history of credit card statements, and such pre-suit production by its clients is rare.

35.     At all times material to this complaint, the Law Firm does not require its clients to provide the Law Firm with a complete credit card account history, and such pre-suit production by its clients is rare.

36.     At all times material to this complaint, the Law Firm does not require its clients to provide the Law Firm with documentation showing that the client has received the rights to collect a credit card debt which specifically identifies the account by number or name, and such pre-suit production by its clients is rare.

37.     At all times material to this complaint, to manage the volume of its case load and maximize profits, the Law Firm largely delegated the tasks of meaningful review of a file and a complaint, and meaningful validation of debts, to non-attorneys and software.

38.     To balance his work and his other work duties at the firm, the Attorney spends about 1 minute or less to review the typical collection complaint or debt validation letter submitted by the non-attorney staff for his signature.

39.     At all times material to this complaint, as part of their pre-suit review of a

-7-

collection case, attorneys at the Law Firm rarely review credit agreements, the complete history of credit card statements for accounts, documentation showing that a consumer has (or has not) previously disputed the debt, and documentation showing that the client has received the rights to collect a credit card debt which specifically identifies a consumer's account by number or name.

40.     Without meaningful attorney involvement in the compilation and review of the complaint against the Consumer and the letter, the Law Firm and the Attorney did not make any good faith effort to analyze whether or not the $5,383.20 and $5,743.20 in credit card debt that it claimed to be owed by the Consumer included amounts for interest and late fees that were not agreed upon by the Consumer, and included interest and late fees that would not be collectible under the account stated and unjust enrichment theories stated in the Complaint.  Moreover, the Law Firm and the Attorney did not make any effort to confirm whether or not the Consumer had authorized the issuance of the credit card in his name, or whether he used the credit card.

41.     Without meaningful attorney involvement in the compilation of the complaint against the Consumer, the Law Firm and the Attorney did not discover that the allegations of the complaint were contradicted by the facts and the attachments to the complaint.  The complaint alleges that the monthly credit card statements "informed [the Consumer] of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement."  The statement attached to the complaint contains no such information.  The statements in **Exhibit "A"** also contain no such information.

42.     Without meaningful attorney involvement in the compilation of the complaint against the Consumer, the Law Firm and the Attorney did not conduct any inquiry as to the veracity of the following allegations:

1.     "To the best of [Cavalry SPV I, LLC's] knowledge and belief [the Consumer] did not ever sent to [Citibank] any disputes of the bills or the

-8-

charges reflected [on the monthly statements]."

2.   [The Consumer] failed to dispute the account or any charges within 60 days
after the account statements..."

43.   The complaint is a communication in connection with the collection of the credit
card debt.

44.   The letter is a communication in connection with the collection of the credit card
debt.

### COUNT I

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

45.   The Consumer realleges the facts contained in paragraphs 1-44.

46.   The Law Firm violated Fla. Stat. 559.72(9) because it provided statements
asserting the right to collect inconsistent amounts. It claimed the Consumer owed $5,383.20
under the credit card in the complaint, and in the Letter, the Law firm claimed that the Consumer
owed a different number–$5,743.20. By virtue of these inconsistencies, the Law Firm knew that
at least one of these claims was not legitimate, or exercised an entire want of care which would
raise the presumption of a conscious indifference to consequences, or which shows reckless
indifference to the rights of the Consumer, which is equivalent to an intentional violation of them.

47.   In the alternative to paragraph 46, the Law Firm knew that the $5,743.20 included
court costs could not be included in a pre-judgment balance. *Veach v. Sheeks*, 316 F. 3d 690 (7th
Cir. 2003); *Singer v. Pierce & Associates, PC*, 383 F. 3d 596 - (7th Cir. 2004); *Fields v. Wilber
Law Firm, PC*, 383 F. 3d 562 (7th Cir. 2004). The Law Firm has such knowledge as a matter of
law since "all citizens are presumed to know the law." *Hart v. Hart*, 377 So. 2d 51, 52 (Fla. 2d.
DCA 1979). Moreover "[i]gnorance of the law is not an excuse. This maxim holds particularly
true for lawyers..." *The Florida Bar v. Dubow*, 636 So. 2d 1287, 1288 (Fla. 1994).

-9-

48.     The Attorney violated Fla. Stat. 559.72(9) because he provided statements asserting the right to collect inconsistent amounts. He claimed the Consumer owed $5,383.20 under the credit card in the complaint, and in the Letter, the Attorney claimed that the Consumer owed a different number–$5,743.20.  By virtue of these inconsistencies, the Attorney knew that at least one of these claims was not legitimate, or exercised an entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows reckless indifference to the rights of the Consumer, which is equivalent to an intentional violation of them.

49.     In the alternative to paragraph 48, the Attorney knew that the $5,743.20 included court costs could not be included in a pre-judgment balance. *Veach v. Sheeks*, 316 F. 3d 690 (7th Cir. 2003); *Singer v. Pierce & Associates, PC*, 383 F. 3d 596 - (7th Cir. 2004); *Fields v. Wilber Law Firm, PC*, 383 F. 3d 562 (7th Cir. 2004).  The attorney had such knowledge as a matter of law since "all citizens are presumed to know the law." *Hart v. Hart*, 377 So. 2d 51, 52 (Fla. 2d. DCA 1979).  Moreover "[i]gnorance of the law is not an excuse. This maxim holds particularly true for lawyers..." *The Florida Bar v. Dubow*, 636 So. 2d 1287, 1288 (Fla. 1994).

50.     Cavalry SPV I, LLC violated Fla. Stat. 559.72(9) by calling the Consumer and leaving him a voice message after it knew that the Consumer was represented by an attorney with respect to their loan in the foreclosure case, or after Cavalry SPV I, LLC could readily ascertain the Homeowners' attorney's name and address.

51.     At no time did Cavalry SPV I, LLC request permission from the Homeowners' attorney to communicate with the Consumer.

52.     The Consumer's attorney never failed to respond to any communication from Cavalry SPV I, LLC.

53.     The Consumer never initiated a communication with Cavalry SPV I, LLC which

-10-

would require them to call the Consumer after he obtained counsel.

54.     The Consumer is entitled to statutory damages against the Law Firm up to $1,000.00 under Fla. Stat. § 559.77.

55.     The Consumer is entitled to statutory damages against the Attorney up to $1,000.00 under Fla. Stat. § 559.77.

56.     The Consumer is entitled to statutory damages against Cavalry SPV I, LLC up to $1,000.00 under Fla. Stat. § 559.77.

57.     The Consumer has hired the undersigned attorneys to represent him in this case and is obligated to pay them a reasonable fee.  The Consumer is entitled to collect his attorney's fees and costs under Fla. Stat. 559.77.

WHEREFORE GARY SELMON demands judgment against Defendants ANDREU,

PALMA, LAVIN & SOLIS, PLLC, f/k/a ANDREU, PALMA & ANDREU, PL, JORGE L.

PALMA individually, and CAVALRY SPV I, LLC for statutory damages, attorneys fees, costs,

and any other relief as is equitable and just.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

58.     The Consumer realleges the facts contained in paragraphs 1-39.

59.     The Law Firm violated 15 USC § 1692e because it provided false, deceptive, or misleading statements asserting the right to collect inconsistent amounts.  It claimed the Consumer owed $5,383.20 under the credit card in the complaint, and in the Letter, the Law firm claimed that the Consumer owed a different number–$5,743.20.

60.     In the alternative to paragraph 59, the Law Firm violated 15 USC § 1692e because the $5,743.20 balance claimed in the letter included court costs that could not be included in a

-11-

pre-judgment balance. *Veach v. Sheeks*, 316 F. 3d 690 (7th Cir. 2003); *Singer v. Pierce & Associates, PC*, 383 F. 3d 596 - (7th Cir. 2004); *Fields v. Wilber Law Firm, PC*, 383 F. 3d 562 (7th Cir. 2004).

61.     The Attorney violated 15 USC § 1692e because he provided statements asserting the right to collect inconsistent amounts. He claimed the Consumer owed $5,383.20 under the credit card in the complaint, and in the Letter, the Attorney claimed that the Consumer owed a different number–$5,743.20.

62.     In the alternative to paragraph 61, the Attorney violated 15 USC § 1692e because the $5,743.20 balance claimed in the letter included court costs that could not be included in a pre-judgment balance. *Veach v. Sheeks*, 316 F. 3d 690 (7th Cir. 2003); *Singer v. Pierce & Associates, PC*, 383 F. 3d 596 - (7th Cir. 2004); *Fields v. Wilber Law Firm, PC*, 383 F. 3d 562 (7th Cir. 2004).

63.     The Law Firm violated 15 USC § 1692g(a) because it failed to provide the consumer with the following rights within five days of its initial communication (i.e., the letter) with the Consumer:

    1.     a statement that unless the Consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Attorney and the Law Firm;
    2.     a statement that if the Consumer notifies Attorney and the Law Firm in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Attorney and the Law Firm will obtain verification of the debt and a copy of such verification will be mailed to the Consumer by the Attorney and the Law Firm; and
    3.     a statement that, upon the Consumer's written request within the thirty-day period, the Attorney and the Law Firm will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64.     The Attorney violated 15 USC § 1692g(a) because he failed to provide the consumer with the following rights within five days of its initial communication (i.e., the letter)

-12-

with the Consumer:

      1.    a statement that unless the Consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Attorney and the Law Firm;

      2.    a statement that if the Consumer notifies Attorney and the Law Firm in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Attorney and the Law Firm will obtain verification of the debt and a copy of such verification will be mailed to the Consumer by the Attorney and the Law Firm; and

      3.    a statement that, upon the Consumer's written request within the thirty-day period, the Attorney and the Law Firm will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65.    The Law Firm violated 15 USC § 1692e (including but not limited to 15 USC § 1692e(3) and § 1692e(10)) because the complaint gave the false, deceptive, or misleading representation or implication that the complaint was compiled with meaningful attorney involvement when its was not. *Consumer Fin'l Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp. 3d 1342 (N.D. Ga. 2015).

66.    The Attorney violated 15 USC § 1692e (including but not limited to 15 USC § 1692e(3) and § 1692e(10)) because the complaint gave the false, deceptive, or misleading representation or implication that the complaint was compiled with meaningful attorney involvement when its was not. *Consumer Fin'l Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp. 3d 1342 (N.D. Ga. 2015).

67.    The Law Firm violated 15 USC § 1692e (including but not limited to 15 USC § 1692e(3) and § 1692e(10)) because the letter gave the false, deceptive, or misleading representation or implication that the complaint was compiled with meaningful attorney involvement when its was not. *Consumer Fin'l Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp. 3d 1342 (N.D. Ga. 2015).

-13-

68.     The Attorney violated 15 USC § 1692e (including but not limited to 15 USC § 1692e(3) and § 1692e(10)) because the letter gave the false, deceptive, or misleading representation or implication that the complaint was compiled with meaningful attorney involvement when its was not. *Consumer Fin'l Protection Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp. 3d 1342 (N.D. Ga. 2015).

69.     The Law Firm violated 15 USC § 1692e because the complaint gave the false, deceptive, or misleading representation or implication that the Consumer never disputed the debt with Citibank, and that the monthly credit card statements "informed [the Consumer] of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement."

70.     The Attorney violated 15 USC § 1692e because the complaint gave the false, deceptive, or misleading representation or implication that the Consumer never disputed the debt with Citibank, and that the monthly credit card statements "informed [the Consumer] of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement."

71.     The Law Firm violated 15 USC § 1692e because the complaint gave the false, deceptive, or misleading representation or implication that Cavalry SPV I, LLC could use an unjust enrichment theory to collect that portion of the $5,383.20 claimed due which represented interest and late fees.

72.     The Attorney violated 15 USC § 1692e because the complaint gave the false, deceptive, or misleading representation or implication that Cavalry SPV I, LLC could use an unjust enrichment theory to collect that portion of the $5,383.20 claimed due which represented interest and late fees.

-14-

73.     Cavalry SPV I, LLC violated 15 USC § 1692c(a)(2) by calling the Consumer and leaving him a voice message after it knew that the Consumer was represented by an attorney with respect to their loan in the foreclosure case, or after Cavalry SPV I, LLC could readily ascertain the Consumer's attorney's name and address.

74.     At no time did Cavalry SPV I, LLC request permission from the Consumer's attorney to communicate with the Consumer.

75.     The Consumer's attorney never failed to respond to any communication from Cavalry SPV I, LLC.

76.     The Consumer never initiated a communication with Cavalry SPV I, LLC which would require them to call the Consumer after he obtained counsel.

77.     The Consumer is entitled to statutory damages against Cavalry SPV I, LLC up to $1,000.00 under 15 U.S. Code § 1692k.

78.     The Consumer is entitled to statutory damages against the Law Firm up to $1,000.00 under 15 U.S. Code § 1692k.

79.     The Consumer is entitled to statutory damages against the Attorney up to $1,000.00 under 15 U.S. Code § 1692k.

80.     The Consumer has required the services of the undersigned attorneys to prosecute this action, and are obligated to pay them a reasonable fee.  The Consumer is entitled to reasonable attorneys fees under 15 U.S. Code § 1692k.

WHEREFORE GARY SELMON demands judgment against Defendants ANDREU, PALMA, LAVIN & SOLIS, PLLC, f/k/a ANDREU, PALMA & ANDREU, PL, PL, JORGE L. PALMA individually, and CAVALRY SPV I, LLC for statutory damages, attorneys fees, costs,

-15-

and any other relief as is equitable and just.

## DEMAND FOR JURY TRIAL

GARY SELMON demands trial by jury on all issues triable by a jury.

Dated: June 8, 2016

/s/ Nicholas Vidoni
Nicholas A. Vidoni, Esq.
WATSON, SOILEAU, DeLEO,
BURGETT & PICKLES, P.A.
3490 N. U.S. Highway 1
P.O. Box 236007
Cocoa, Florida 32923-6007
Ph: (321) 631-1550
Attorney for Plaintiff
Florida Bar Number: 0095776
Email: vidoni@brevardlawgroup.com

-16-